**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3366-18T2

WELLS FARGO BANK,
NATIONAL ASSOCIATION,
as Trustee for Certificate Holders
of Bear Stearns Asset Backed
Securities I LLC, Asset-Backed
Certificates, Series 2007-AC6,

     Plaintiff-Respondent,

v.

PAUL HAUKE,

     Defendant-Appellant,

and

MRS. PAUL HAUKE, his wife,
and SOPHIE HENRY,

     Defendants.
_____

Submitted March 25, 2020 – Decided April 23, 2020

Before Judges Mayer and Enright.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-015317-17.

Paul R. Hauke, appellant pro se.

Parker Ibrahim & Berg LLP, attorneys for respondent (Ben Zev Raindorf and Robert D. Bailey, on the brief).

PER CURIAM

Defendant Paul Hauke appeals from the following: a March 16, 2018 order denying his motion to vacate default entered in favor of plaintiff Wells Fargo, National Association, as Trustee for Certificate Holders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-AC6 (Bank); orders dated June 8, 2018, August 3, 2018, and October 12, 2018 denying reconsideration of the March 16, 2018 order; a January 25, 2019 order overruling defendant's objection to the Bank's motion for Final Judgment; a February 15, 2019 order denying reconsideration of the January 25, 2019 order; and a February 27, 2019 Final Judgment. We affirm all orders on appeal.

The facts are undisputed. In June 2007, defendant executed a note in the amount of $550,000. The note was secured by a mortgage on defendant's property in Point Pleasant. The Bank became an assignee of the note and mortgage through a valid assignment. Defendant defaulted on payments due under the note as of June 1, 2008.

A-3366-18T2

The Bank mailed the required notice of intent to foreclose to defendant at the mortgaged premises and a post office box provided by defendant more than thirty days prior to filing a foreclosure action. On June 21, 2017, the Bank filed its foreclosure complaint.

The Bank claimed defendant evaded attempts to personally serve the foreclosure complaint. The Bank then served the foreclosure complaint on defendant by regular and certified mail directed to the mortgaged premises and the post office box used by defendant. The Bank filed a certification of diligent inquiry with the trial court, detailing the efforts made to personally serve the complaint upon defendant and the mailing of the documents to defendant by regular and certified mail. Because defendant failed to timely answer or respond to the Bank's foreclosure complaint, on January 23, 2018, the court entered default.

On February 12, 2018, defendant moved to vacate default.[1] In a March 16, 2018 order, the judge denied defendant's motion. The judge then denied defendant's three subsequent motions seeking reconsideration of the March 16, 2018 order.

---

[1] The Bank sent the notice of default by regular mail to the mortgaged premises where defendant resides.

A-3366-18T2

In October 2018, the Bank applied for entry of final judgment. Defendant objected to the amount the Bank claimed to be due on the note. In a January 25, 2019 order, the judge rejected defendant's objection to the amount due and owing to the Bank and returned the matter as uncontested to the Office of Foreclosure for entry of a final judgment. Defendant sought reconsideration of the January 25, 2019 order, which the judge denied. A Final Judgment was entered on February 27, 2019.

Defendant appealed. Upon receipt of defendant's notice of appeal, on May 6, 2019, Judge Francis R. Hodgson, Jr. issued a thirty-page, single-spaced amplification of his prior oral decisions pursuant to Rule 2:5-1(b).

The following are defendant's arguments on appeal:

POINT I

> THE TRIAL COURT DID ERR AND ABUSE IT[]S DISCRETION BY DENYING DEFENDANT'S MOTION TO VACATE THE JANUARY 2, 2018 DEFAULT.
>
> i. The court improperly denied [d]efendant's [m]otion[] to vacate the January 2, 2018 default.
>
> ii. Defendant-Appellant did demonstrate good cause under R[.] 4:43 to justify vacating the default in this matter and reverse the Entry of Final Judgment.
>
> iii. Defendant-Appellant has complied with R[.] 4:43 by fully articulating legally recognized defenses to the

4

underlying foreclosure action as required to justify vacating such an improperly entered default.

POINT II

HONORABLE JUDGE HODGSON, JR. ERRED IN REGARD TO HIS "TILA"[2] RULING. DEFENDANT/APPELLANT'S "TILA" ARGUMENT ESTABLISHES NOT ONLY A VALID COUNTERCLAIM BUT A MERITORIOUS DEFENSE.

POINT III

DEFENDANT/APPELLANT DOES NOT NEED MERITORIOUS DEFENSES, EVEN THOUGH HE HAS THEM, TO REVERSE A DEFAULT WHEN DUE PROCESS IN SERVICE HAS NOT BEEN EFFECTED.

POINT IV

THE LEGAL STANDARD ON A MOTION FOR RECONSIDERATION AS PER R[.] 4:49-2 HAS BEEN MET.

POINT V

JUDGE AMPLIFICATION IMPROPER AS IT IS FILED LATE AND NOT IN ACCORDANCE WITH [R.] 2:5-1(b) AND IS NOT JUST AN AMPLIFICATION BUT IS A WRITTEN OPINION STATING FACTS AND CONCLUSIONS THAT ARE NOT PART OF THE RECORD. IT SHOULD NOT BE CONSIDERED.

---

[2] Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 to 1667f.

5

POINT VI

LACHES IS A MERITORIOUS DEFENSE.

Having reviewed the record, we affirm all orders on appeal substantially for the reasons expressed in the thorough and well-stated May 6, 2019 written amplification provided by Judge Francis R. Hodgson, Jr., as well as his reasons placed on the record on March 13, 2018; June 8, 2018; August 3, 2018; October 12, 2018; January 25, 2019; and February 15, 2019. We add only the following comments.

Rule 2:5-1(b) allows a trial judge to supplement a prior opinion, providing fifteen days from receipt of a party's notice of appeal to "file and mail to the parties an amplification of a prior statement, opinion or memorandum made either in writing or orally and recorded pursuant to R[ule] 1:2-2." Defendant contends the amplification was untimely because it was served thirteen days beyond the time period set forth in Rule 2:5-1(b). He also argues the judge's amplification "stat[ed] facts and conclusions that are not part of the record."

We reject these arguments. There is nothing in the Court Rules, or case law, that prevents this court from considering a trial judge's amplification filed beyond the fifteen-day timeframe. Here, defendant suffered no prejudice as a result of the brief delay in service of the judge's amplification because defendant

6 A-3366-18T2

received the letter several months prior to filing his merits brief. In addition, defendant failed to identify any portion of the judge's amplification that was inconsistent with the prior oral rulings.

The remainder of defendant's arguments lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION